Wright, J.,
delivered the opinion of the Court.
One of the questions raised in this record is, whether a justice of the peace has jurisdiction to render judgment in favor of the endorsee against the endorser of a promissory note, above the sum of fifty dollars, unless demand and notice are expressly waived in the endorsement? And we think he has not.
*556 In the case of Crocket et al. v. Wright, decided by the Supreme Court of this State in 1840, (2 Hum., 322,) it was held, in putting a construction upon the acts of 1835, ch. 17, §§ 1 and 2, and 1837, ch. 22, § 1, that the jurisdiction of a justice of the peace against an endorser, did not, in any case, exceed the sum of fifty dollars; and that so much of the act of 1831, ch. 59, as gives that jurisdiction, is repealed.
The jurisdiction has been since extended .to five hundred dollars, upon endorsements of negotiable paper, where demand and notice are expressly waived in the endorsement. But in the case of an ordinary endorsement, where there is no waiver of demand and notice, there has been no enlargement of jurisdiction whatever. The terms, obligation, contract, or other evidences of debt, do not embrace it, as will be seen from the reasoning of the Court in Mitchell v. Miller, Meigs’ R., 510, and Crocket et al. v. Wright, 2 Hum., 322.
The liability of the endorser is contingent, created not by the terms of the instrument, but by operation of law; and the endorsement itself can furnish no evidence of indebtedness without the aid of extrinsic facts.
But to have availed himself of this want of jurisdiction, the defendant should have appealed, if he knew of the judgment within the time allowed for the appeal; and if he did not, the fact should have been stated, as a legal excuse for not appealing, and the certiorari should have been for a new trial, and not to quash the judgment and execution, and should have been taken to the next term of the Circuit Court, unless cogent and satisfactory reasons were shown why it was delayed almost a year from the rendition of the justice’s judg *557 ment. If this had been done, upon a new trial in the Circuit Court, it could, as a matter of evidence, have been shown that the justice had no jurisdiction.
But haying failed to do this, the judgment must be held valid upon its face, and n*bt open to attack, upon certiorari and supersedeas, when it comes up collaterally, by parol or other proof, dehors the proceeding. Th proceedings before the justice do not show in what character the liability of the defendant arose, either in the warrant or the judgment; and the note cannot be looked to in this collateral application, or evidence be heaid to show that the recovery was upon an endorsement. Witt v. Russey, 10 Hum., 208; Johnson & Fenner v. Deberry, 10 Hum., 439.
The result is that the Circuit Judge erred in quashing the judgment and execution, and also in not dismissing the petition for writs of certiorari and super-sedeas, and the judgment of the Circuit Court must be reversed.
But the cause will be remanded, with leave to amend the petition, so as to make a proper case for a new trial upon the merits, if this can be done, by showing a valid legal excuse for not appealing, and also a reason for the delay in the attempt to bring the case to the Circuit Court.
Judgment reversed.